# IN THE MATTER OF THE APPLICATION OF KIUSUKE SOKEN FOR A WRIT OF HABEAS CORPUS.

## July 5, 1913.

*Alien—Domicil—Dangerous contagious disease—Admission:* An alien coming to the United States, without his family, and remaining a few years for business purposes, and then returning to his native land and spending a year or more with his family and then returning to the United States for business purposes, still without his family, and who is found upon applying for admission to be afflicted with a dangerous contagious disease, is properly refused admittance, as under the circumstances he has acquired no domicil in the United States.

*Habeas Corpus:*   Motion for discharge of petitioner.

*J. Lightfoot* for petitioner.

*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

Dole, J.   Upon this application for a writ of habeas corpus the writ was issued, and to the return made by Mr. R. L. Halsey, immigration inspector in charge, a copy of the proceedings before the board of special inquiry was attached.   This shows an examination of the applicant by the board, in which it appears that he came to Hawaii in May 1906, returned to Japan in November 1911, and returned to Hawaii in January 1913, whereupon the proceedings referred to took place at the port of Honolulu.   It also appears that he is married and has two sons and one daughter, 12, 9 and 7 years old respectively.   This family has never been in Hawaii and is still in Japan.

The applicant returned to Hawaii, as set forth above, without bringing his family here and states that his object in coming to Hawaii now is to earn money and that he expects to remain here seven or eight years and then go back to Japan.   The board of special inquiry found that he was afflicted with the disease of unciniarisis and ordered him to be deported, but gave him a right of appeal from the finding of the board that he was a non-resident, which appeal was taken and the decision of the board affirmed by the Secretary of Labor.

This court does not recognize that it has any jurisdiction or authority to review a decision of the board of special inquiry in relation to an applicant afflicted with a dangerous contagious disease, and on the other ground upon which the board was of the opinion that he is a non-resident, upon which question this court has heretofore taken jurisdiction on the ground that the point raises a question of law and therefore the court has jurisdiction as established in the *Nakashima* case, 3 U. S. Dist. Ct. Haw. 168,

and other cases, the court finds that the applicant has not shown that he has acquired a domicil in this country. A man who goes to a foreign country, leaving his family at home, works for a few years and returns to his family, visits them for a period and then returns to such foreign country leaving his wife and family, cannot claim to be domiciled in such foreign country without possibly a showing of extraordinary and necessary reasons for his separating himself from his family and living in such foreign country away from them. I do not know that a claim of domicil under such conditions could be proved in any case. A man's home is where his family has its permanent residence and he cannot claim a domicil different from that. The evidence shows that the residence of the family in Japan is permanent and is so recognized by him.

The motion for discharge of the petitioner is denied.